# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**RALPH JOE SMITH**  **PLAINTIFF**
**ADC #137397**

v.                     No: 4:23-cv-00405-KGB-PSH

**ERIC HIGGINS,** *et al.*                     **DEFENDANTS**

## ORDER

Plaintiff Ralph Joe Smith filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on May 1, 2023, while incarcerated at the Arkansas Division of Correction's North Central Unit (Doc. No. 1). Smith has since paid the full filing and administrative fee (Doc. No. 10). He has also filed a motion requesting his complaint be served and asking for assistance of counsel (Doc. No. 11). For the reasons explained below, his motion is denied and he is ordered to file an amended complaint to clarify his claims.

### I.   Motion for Counsel

Smith's motion for counsel is denied. A civil litigant does not have a constitutional or statutory right to appointed counsel in a civil action but the Court may appoint counsel at its discretion. 28 U.S.C. § 1915(e)(1). The Court has considered Smith's need for an attorney, the likelihood that Smith will benefit from assistance of counsel, the factual complexity of the case, Smith's ability to

investigate and present his case, and the complexity of the legal issues. In considering these factors, the Court finds that Smith should be capable of prosecuting his claims without appointed counsel at this time. Counsel will be appointed at the direction of the Court when and if it is deemed necessary.

## II. Screening/Service

Because Smith is incarcerated, the Court must review his complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. The Court has reviewed Smith's complaint for screening purposes and determined that service on all the named defendants is not appropriate at this time. Instead, the Court directs Smith to file an amended complaint to clarify his claims for the reasons explained below.

First, Smith sues a judge, prosecutor, and public defender and describes the circumstances of his arrest and incarceration at the Pulaski County Detention Center in 2022. Doc. No. 1 at 5-6. He also complains that he was given excessive bond. *Id.* It is not clear if he provides these facts as background or if he is alleging these defendants violated his constitutional rights.[1]

---

[1] Smith should note that judges are absolutely immune from suit for actions taken in their judicial role (such as setting bail), *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994), and a judge's decision regarding bail is entitled to great deference. *Harris v.*

Second, Smith further alleges that he was sexually assaulted by Deputy Carlos Hussian Jr. on July 26, 2022, while in custody at the Pulaski County Detention Center. Doc. No. 1 at 6. He claims that Sheriff Eric Higgins, Chief Deputy Charles Hendrix, Major Toni Rose, Captain Lashundria Calvin, Lieutenant Nicole Nelson, and Sergeant Joshua Yazmovich should all be held responsible. *Id.* at 6-7. However, he does not describe how these individuals were involved in the alleged sexual assault[2] or failed to protect him from such assault.[3]

Finally, Smith alleges that Judge Whatley, prosecutor Hannah Johnston, or his public defender failed to report the alleged sexual assault. Doc. No. 1 at 6. To the extent he sues these individuals for failing to report the assault, he fails to describe

---

*United States*, 404 U.S. 1232, 1233 (1971). Prosecutors are also absolutely immune from suit. *Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016). And defense counsel in a criminal case, whether appointed or retained, is not a state actor subject to suit under § 1983. *See Polk Cty. v. Dodson*, 454 U.S. 312, 318 (1981); *Chambers v. Kaplan*, 648 F.2d 1193, 1194 (8th Cir. 1981).

[2] A defendant may not be held liable under § 1983 unless he was personally involved in or had direct responsibility for the constitutional violation. *See Mayorga v. Missouri,* 442 F.3d 1128, 1132 (8th Cir. 2006) ("Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights.") (internal quotations and citations omitted).

[3] The Eighth Amendment and Due Process Clause of the Fourteenth Amendment require officials to take reasonable steps to protect inmates, including pre-trial detainees, from assaults by others. *Schoelch v. Mitchell*, 625 F.3d 1041 (8th Cir. 2010) (citing *Farmer v. Brennan,* 511 U.S. 825, 832 (1994); *Kahle v. Leonard,* 477 F.3d 544, 550 (8th Cir. 2007)). To prove unconstitutional failure to protect from harm, an inmate must show (1) an "objectively, sufficiently serious" deprivation, meaning that he was incarcerated under conditions posing a substantial risk of serious harm, and (2) that the defendant was deliberately indifferent to the substantial risk of serious harm. *Id.*

a constitutional claim. As a private citizen, Smith has no judicially cognizable interest in the prosecution or non-prosecution of another. *See, e.g.*, *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981); *see generally Parkhurst v. Tabor*, 569 F.3d 861, 866 (8th Cir. 2009) and cases cited therein.

Smith must amend his complaint to clarify what claims he intends to bring in this lawsuit and why he believes his constitutional rights were violated. He should also note that if he sues more than one defendant, he must describe only one factually related incident or issue. Under Fed. R. Civ. P. 18, a plaintiff may bring multiple claims, related or not, against a single defendant. To proceed against multiple defendants, plaintiff must satisfy Fed. R. Civ. P. 20, which allows claims against multiple defendants when the claims against them arise out of the same series of occurrences, and present questions of fact common to all defendants.[4]

The Clerk of Court is directed to send a blank § 1983 complaint form to Smith. Smith is cautioned that an amended complaint renders his original complaint without legal effect; only claims properly set out in the amended complaint will be allowed to proceed. In the event Smith fails to file an amended complaint conforming to this

---

[4] *See Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974) (Rule 20 permits "all reasonably related claims for relief by or against different parties to be tried in a single proceeding."); *see also Fulghum v. Allen*, 2015 WL 5667479 at *1 (8th Cir. 2015); *Harris v. Union Pacific R. Co.*, 2013 WL 1187719 (E.D. Ark. 2013); *Langrell v. Union Pacific R. Co.*, 2012 WL 3041312 (E.D. Ark. 2012).

order within thirty days, some or all of Smith's claims may be recommended for dismissal.

    IT IS SO ORDERED this 28th day of August, 2023.

_____
UNITED STATES MAGISTRATE JUDGE