IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT ARKANSAS
CENTRAL DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
SEP 19 2023
TAMMY H. DOWNS, CLERK
By:_____ DEP CLERK

**RALPH JOE SMITH**
ADC #137397                                                                            PLAINTIFF

No: 4:23-cv-00405-KGB-PSH

**PULASKI COUNTY, ARKANSAS**
(A Public Body Corporate and Politic)

**ERIC HIGGINS**
(In His Official Capacity as the Sheriff of Pulaski County, Arkansas)

**CARLOS HUSSIAN JR**
(In His Individual and Official Capacity)                                              DEFENDANTS

## Amended Complaint

### I. Introduction

Comes now the Plaintiff, **Ralph Joe Smith**, Pro Se, brings this action pursuant to Arkansas' Sexual Assault Law, which is codified at Ark. Code Ann. § 5-14-124. This cause of action seeks to recover damages against the defendants pursuant to the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and the defendants were deliberately indifferent. That this cause of action is being brought seeking damages for negligence. This cause of action is being brought pursuant to 42 U.S.C. § 1983 violation of Civil Rights. That this an amended complaint to the complaint filed on May 01, 2023, and that all administrative fees have been paid in full. That the plaintiff respectfully states and alleges that all statements that will be provided are true to the best of his knowledge.

## II. Parties

1. That the Plaintiff Ralph Joe Smith is currently incarcerated in the Arkansas Department of Corrections. That the plaintiff was sexually assaulted as a pre-trial detainee by a Pulaski County Sheriff's Department jailer/deputy in Pulaski County, Arkansas.

2. That defendant Pulaski County, Arkansas, is a public body corporate created by the General Assembly for the State of Arkansas pursuant to Ark. Code Ann. § 14-14-501. Pulaski County, Arkansas owns and operates a sheriff department to keep peace and order of said county. Furthermore, said county owns and operates a regional detention facility for the purpose of housing pre-trial and post-trial detainees.

3. That defendant Eric Higgins, is duly elected Sheriff of Pulaski County, Arkansas, and is charged with the responsibility of training his deputies and has the overall executive responsibility of the Pulaski County Regional Detention Facility.

4. That defendant Carlos Hussian Jr. at the time of the plaintiff's assault, was employed in the capacity as jailer/deputy for the Pulaski County Sheriff's Department. That he is the violator and or perpetrator towards plaintiff. The defendant Carlos Hussian Jr. is being sued in his individual and official capacity.

## III. Jurisdiction and Venue

5. Jurisdiction of this Court is being invoked pursuant to 28 U.S.C. § 1343. Relief is pursuant to 42 U.S.C. § 1983 and the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. This Court is also asked to assume supplemental jurisdiction over the plaintiff's state law claims.

6. That is also an action seeking declaratory relief pursuant to 28 U.S.C. § 2201 to declare the rights and relations between the parties and damages.

### IV. Facts

7. That on February 10th, 2022, Ralph Smith was apprehended by T-Gard's Bail's Company from his home in North Little Rock, Arkansas for failure to comply with bond conditions.

8. That on February 10th, 2022, Ralph Smith was booked into the Pulaski County Regional Detention Facility on a "No Bond" and a hold for Pulaski County Circuit Court 7th Division Judge Karen Whatley.

9. That on March 17th, 2022, Ralph Smith appeared in Pulaski County Circuit Court 7th Division in front of Judge Karen Whatley to discuss the hold which was a Failure to Appear for a court date on January 18th, 2022, and a pending new criminal charge.

10. That Ralph Smith was able to provide hospital documentation to the courts for the Failure to Appear.

11. Upon receipt of hospital documentation provided by Ralph Smith, Judge Karen Whatley dropped the Failure to Appear.

12. That due to remarks made by Prosecutor Hannah Johnston, stating that Ralph Smith had previously made bond on two (2) separate previous cases in the amount of each being $100,000, that his bond she set higher.

13. That on March 17th, 2022, Judge Karen Whatley set Ralph Smith's bond in the amount of $250, 000 to cover all cases and next court date of September 12th, 2022.

14. That from the court date of March 17th, 2022, up unto his next court date of September 12th, 2022, he was unable to make bond.

15. That on or around July 26th, 2022, Ralph Smith was sexual assaulted while awaiting pre-trail at the Pulaski County Regional Detention Facility by jailer/deputy Carlos Hussian Jr.

16. That on or around May 18th, 2022, Ralph Smith requested a bond reduction, and it was denied.

17. That on September 12th, 2022, Ralph Smith appeared in court before Judge Karen Whatley again for Omnibus Hearing and again motion to reduce bond was denied and jury trial was set.

18. That on or around October 11th, 2022, that Ralph Smith reported the sexual assault to his Public Defender Alicia Walton with the Pulaski County Public Defenders Officer and a letter was wrote to Judge Karen Whatley; no response and was failed to be reported.

19. That on or around October 27th, 2022, Ralph Smith was moved from an open less structured male barracks to a closed restricted 23 and 1 male barracks due to an alleged inmate complaint, but no disciplinary actions were filed against him.

20. That on or around October 29th, 2022, Ralph Smith had his family to make a formal complaint on the sexual assault via telephone to Pulaski County Sheriff Department's jailer/deputy Sergeant Joshua Yazmovich whom was on duty at the time of reporting.

21. That on or around October 29th, 2022, Sergeant Joshua Yazmovich did make physical contact and verbally spoke with Ralph Smith regarding the phone call from family about the sexual assault.

22. That Sergeant Joshua Yazmovich failed to properly report and document the sexual assault.

23. That Ralph Smith was not offered immediate medical treatment. Ralph Smith was not taken to inside medical of the facility nor was he taken to any outside medical facility for evaluation.

24. On or about October 31st, 2022, family of Ralph Smith called the Pulaski County Regional Detention Facility to get an update on the incident reported and let it be known that it had failed to be reported to the Pulaski County Criminal Investigation Unit nor the Professional Standards Unit.

25. That on or around October 31st, 2022, after speaking with Pulaski County Sheriff's Department Investigation Deputies, statements were taken from Ralph Smith and family members, and video surveillance was reviewed.

26. That on or around October 31st, 2022, Pulaski County Sheriff's Department jailer/deputy Carlos Hussian Jr the alleged perpetrator admitted to performing sexual acts on Ralph Smith

27. That on October 31st, 2022, Pulaski County Sheriff's Department jailer/deputy Carlos Hussian Jr. was terminated for violating several of Pulaski County Sheriff's Office polices.

28. That on October 31, 2022, around 1800 hours, several documents were posted on Facebook (social media) on an unknown author page named "Don Pulaski" about the sexual assault including private information, names, details, and pictures in reference to the incident.

29. That all grievance procedures where exhausted according to the Prison Rape Elimination Act of 1996 in accordance with 42 U.S.C. § 1997e(a).

V. Cause of Action

30. That on January 18th, 2022, Ralph Smith was scheduled to appear in Pulaski County Circuit Court 7th Division Judge Karen Whatley. Due to him being sick, he failed to appear. Prosecutor Hannah Johnston motion for his bond to be revoked and an arrest warrant was issued.

31. That on February 10th, 2022, Ralph Smith was apprehended from his home by T-Gard's Bail's Company and taken to Pulaski County Regional Detention Facility where he was booked and held on a "No Bond" pending next available court date.

32. That on March 17th, 2022, Ralph Smith while still detained appeared in 7th Division Court where it was determined due to previous bond in the amount of $100,000 dollars that his bond should be raised higher to $250, 000.

33. That due to the actions between lines 1-32 that are stated and true, Ralph Smith was unable to make a bond in the amount of $250,000 which was excessive and violated his Eighth Amendment right.

34. That on February 19th, 2020, Carlos Hussian Jr. was hired as a jailer/deputy for the Pulaski County Sheriff's Department.

35. That on March 20, 2020, Carlos Hussian Jr. was fired as a jailer/deputy for Pulaski County Sheriff's Department.

36. That on September 21, 2021, Carlos Hussian Jr. was rehired as a jailer/deputy for the Pulaski County Sheriff's Department.

37. That on October 31st, 2022, Carlos Hussian was fired as jailer/deputy for the Pulaski County Sheriff Department.

38. Prior to being hired on March 20, 2020, for Pulaski County Sheriff Department as a jailer/deputy, Carlos Hussian Jr. was fired as a cadet for Little Rock Police Department.

39. That Pulaski County, Arkansas is held accountable for the declaration and judgement made by Judge Karen Whatley and Prosecutor Hannah Johnston for an excessive bond, Ralph Smith was sexually assaulted while being detained at the Pulaski County Regional Detention Facility by a jailer/deputy Carlos Hussian Jr.

40. That the defendant was deliberately and indifferent by violating Ralph Smith's Eighth Amendment right and failed to protect and act when made aware of Civil Rights being violated.

41. That Judge Karen Whatley lowered his bond only after Ralph Smith had been sexually assaulted and mentally traumatized.

42 Furthermore, through Pulaski County, Arkansas, and Sheriff Eric Higgins negligence, failed to protect Ralph Smith while being held as a pre-trial detainee. That he failed to properly screen potential employees background, failed to train, and reserve confidentiality of a victim amounted to deliberate indifference in violation of Ralph Smith protected rights secured by

due process clause of the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

## VI. Damages

43. The plaintiff incorporates by reference the allegations contained in paragraphs 1-42 of the plaintiff's complaint and adopts each as if set out herein word for word.

44. The plaintiff experienced pain and suffering due to defendants' act of deliberate indifference towards negligence in amount to be proven at trial. This amount is recoverable by the plaintiff for his own purposes which violated his Eighth Amendment to the United States Constitution.

45. The plaintiff also suffered financial loss and hardship for the family due to the defendants' act of deliberate indifference towards negligence that guarantees due process by law, violating his rights as secured in the clause of the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and that said violations are enforceable pursuant to 42 U.S.C. § 1983.

46. That due to the acts of the defendant's deliberate indifference towards the plaintiff, mental extinguishment, negligence, and family financial loss the amount value seeks to exceeds $75,000.00, the exact amount to be proven at trial.

## VII. Jury Demand

47. The plaintiff requests that this matter be tried before a fair and impartial jury of twelve (12) persons.

## VIII. Prayer for Relief

THEREFORE, the plaintiff is seeking the following relief for the above-described acts of deliberate indifference towards the defendants for their negligence.

a).  judgement declaring that the defendants' acts of deliberate indifference, as set forth above, violated the rights of plaintiff as secured by the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution:

b).  compensatory damages to the plaintiff,

c).  punitive damages,

d).  the plaintiff's cost in prosecuting this claim,

e).  such further relief and additional relief that the Court deems appropriate herein.

Respectfully submitted,

*Ralph Smith*

Ralph Joe Smith (pro, se)<br>
ADC #137397

Dated this 8th day of September 2023.